EPHRAIM P. EMSON, appellant,

*v.*

JAMES N. LAWRENCE, respondent.

On appeal from a decree advised by Vice-Chancellor Bird, overruling exceptions to the following master's report.

Emson *v.* Lawrence.

## Master's Report:

In pursuance of a decree made in the above cause, bearing date the 5th day of February, in the year 1880, and a supplemental order dated the 12th day of January, 1881, whereby it was referred to the undersigned, one of the masters of the said court, to take the account and to ascertain and report what was the value of the said lands so sold by the defendant at the time of the sales, and the amount due to the complainants for their half of the value of said lands under the agreement, and what other moneys are due to the complainants under the said agreement, and that, in taking the said account, the master will allow a credit to the defendant for the amount paid by him to William Warwick, under the award mentioned in the answer of the defendant in this cause, I, James S. Aitkin, master as aforesaid, do hereby report to his honor the chancellor that I have been attended by F. Kingman, Esq., solicitor of the complainant, and by W. H. Vredenburgh and B. Gummere, Esqrs., solicitor and counsel of the defendant, and in their presence I have considered the matters referred to me by the said decree.

And I do report that, from the testimony offered before me, the value of the lands sold by the said defendant in the said decree referred to was the sum of $3,500, and that the one-half part thereof, to wit, $1,750, was due to the complainants under the agreement referred to in said decree.

And I do further report that, under the said agreement, the further sum of $500 became due to the complainant, James N. Lawrence, from said defendant, on the 25th day of March, in

---

NOTE.—Upon the chancellor's opinion in *Lawrence* v. *Emson, 4 Stew. Eq. 67,* as an agent having no authority to refer matters to arbitrators, see the following cases: "If you can honorably and fairly settle with R. for me, out of court, do so; if not, let the court and jury settle," *Scarborough* v. *Reynolds, 12 Ala. 252;* (a letter to plaintiff) "you say that I have sent my son to settle with you, and that he knows nothing of the affairs; but he can settle with you as well as I or any other man who knows how to count," *Huber* v. *Zimmerman, 21 Ala. 488;* see *Goodson* v. *Brooke, 4 Camp. 163; Michigan Central R. R. Co.* v. *Gougar, 55 Ill. 503; Ingraham* v. *Whitmore, 75 Ill. 24; National Bank* v. *Norton, 1 Hill (N. Y.) 572, 576.*—REP.

the year 1872—the termination of the suit of James N. Law-rence against Phebe Ann Lawrence and others.

And I do further report that I have stated an account hereto annexed, as directed by the decree aforesaid in this cause, and I find and report that there is due to the complainants from the said defendant, at this time, the sum of $2,249.94.

And I do hereby certify that the defendant claimed that the complainant, James N. Lawrence, owed certain moneys to the said defendant for loans made on account of the lands above accounted for, and that he should be allowed credit therefor on the amount of said sales; which I declined to consider, as, in the view I take of the decree of reference, that matter was not relevant thereto.

### Exceptions to Master's Report.

*First Exception.* For that the said master has reported as follows : " That from the testimony offered before me, the value of the lands sold by the said defendant in the said decree referred to, was the sum of $3,500." And the defendant insists that the value of the said lands was not the sum aforesaid, but was a sum not exceeding $1,905.

*Second Exception.* For that whereas the said master reports as follows: "And I do further report that, under the said agreement, the further sum of $500 became due to the said James N. Lawrence from said defendant, on the 25th day of March, in the year 1872, the termination of the suit of James N. Lawrence against Phebe Ann Lawrence and others ; " and which said $500 the said master afterwards, in his account annexed to said report, charges the defendant with. And the defendant insists that the said $500 should not have been so charged, and that the same had been advanced and paid by this defendant to said Lawrence long before the termination of this suit, and that this defendant should not be charged therewith by said master in said account, but that, if so charged, this defendant should, on the other hand, be credited with the same by said master.

*Third Exception.* For that whereas the said master reports as follows: "And I do further report that I find and report that there is due to the complainant from said defendant, at this time,.

the sum of $2,249.94." And the defendant insists that said testimony before said master showed there was, on the date of said report of said master, nothing whatever due to said complainants from the defendant, after crediting the defendant with the sum of $952.33, paid by said defendant under the award mentioned in the said decree.

*Fourth Exception.* And for that whereas the said master has not reported properly or in accordance with the terms of the said decree and order of reference, or with the principles of equity. In which said several matters and respects this exceptant prays the judgment of this court.

### Conclusions of Bird, V. C.

A very careful reading of the pleadings and proofs in this case satisfies me that the exceptions are not well taken. I think the conclusions of the master are strictly in accordance with the opinion of the chancellor and the decree made by him under which the master acted. Taking the testimony of Mr. Emson and Ellis and there is ground for an allowance to him of certain items; but the testimony of the several witnesses with respect to his admissions, directly and indirectly, when the amount due on the agreeement of October 6th, 1868, at the termination of the chancery suit therein referred, was under consideration, is so strong and conclusive as to make it the duty of the court to sustain the master. I cannot conclude that if Mr. Emson (a sharp and sagacious business man) had, prior to 1871, advanced large sums of money above the first $500, that he never would have allowed other persons interested therein to have derived impressions from him that $500 was still due, and was to be paid at a certain time in the then future.

I will advise a decree that the exceptions be overruled, with costs.

The opinion of the court was delivered by

BEASLEY, C. J.

Judging from the briefs of counsel, this appeal appears to have

been grounded on the act of the master in refusing to put in his account certain payments and advances which, it was insisted, had been made by the defendant to the plaintiff. The master seems to have considered that such matters were not within the scope of the authority conferred upon him by the order of reference.

But upon looking into this action of the vice-chancellor on the exceptions taken to this action of the master, it is clear that such overruled matters were taken into consideration and were passed upon by him. The case, in point of fact, was decided broadly upon its merits, and as no reason appears why the conclusion thus reached is not correct, the decree should be affirmed.

*Decree unanimously affirmed.*